QIU XIA LIN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 05–4341–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Petitioner Pro Se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Christopher C. Fuller, Senior Litigation Counsel; Ada E. Bosque, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. BARRINGTON D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiu Xia Lin, a citizen of the People's Republic of China, seeks review of a July 20, 2005 order of the BIA affirming the October 23, 2003 decision of Immigration Judge ("IJ") Adam Opaciuch denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Xia Lin*, No. A 78 400 330 (B.I.A. July 20, 2005), *aff'g* No. A 78 400 330 (Immig.Ct.N.Y.City, Oct. 23, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, Lin asserted in her asylum application that she feared being persecuted in China because she departed that country illegally. However, the IJ found that because Lin used her own passport to exit China, she did not depart illegally. Lin did not challenge this finding in her appeal to the BIA or in her petition for review in this Court. Accordingly, her claim for relief based on her illegal departure from China is deemed abandoned and we will not address it further. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the single argument for denying relief that was not relied upon by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin*, 494 F.3d at 305. However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ The record supports the IJ's determination that Lin failed to establish eligibility for asylum. The incident upon which she based her claim of past persecution consisted of the police going to her home to arrest her when she was not there. Lin does not allege that she was detained or physically mistreated by the authorities in China, *cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006), and the threat of arrest alone does not rise to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (concluding that "[w]ith regard to the threat of detention, the threat itself. is not past persecution"). Under these circumstances, the IJ reasonably found that Lin failed to demonstrate past persecution.

*See Matter of Acosta,* 19 I. & N. Dec. 211, 216, 222 (BIA 1985). Therefore, she was not entitled to the presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1).

■ Additionally, the record supports the IJ's finding that Lin failed to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1101(a)(42). Even if the authorities indicated an intent to arrest Lin in the past, there is nothing in the record to suggest that the authorities maintain any interest in her. Indeed, Lin testified that she does not know if the police returned to look for her after their initial visit. Moreover, as the IJ accurately noted, the letter from her mother does not indicate that the police intend to arrest Lin if she returns to China.

While Lin testified that, in this country, she practices Falun Gong "sometimes" alone in her room, the IJ observed that Falun Gong did not appear to be a "major factor" in her life. Although we have observed that one's level of knowledge of a given religion may bear no relation to the likelihood that one may face persecution on that basis, *see Yose Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006), we cannot disagree with the agency that, in this case, Lin did not establish an objectively reasonable fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").[2]

■ Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. We decline to consider the evidence to which Lin refers that does not appear in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (stating that the court of appeals "shall decide the petition only on the administrative record on which the order of removal is based"); *see also Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270 (2d Cir.2007).